THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANGELICA HENDERSON-ALLEN, § <br> § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> § <br> § <br> VISIONS GENTLEMEN'S CLUB & § <br> INVERTED ART GALLERY, § <br> § <br> *Defendant*. § | Case No.: 6:21-cv-303 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, ANGELICA HENDERSON-ALLEN, ("Plaintiff") alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

**I.   NATURE OF THE ACTION**

1. Plaintiff alleges causes of action against Defendant VISIONS GENTLEMEN'S CLUB & INVERTED ART GALLERY ("Defendant" or "Club") for damages resulting from Defendant's evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*("FLSA") and illegally absconding with Plaintiff's tips.

2. These causes of action arise from Defendant's willful actions while Plaintiff was employed by Defendant from approximately September 17, 2019 through June 3, 2020. Throughout her employment with Defendant, Plaintiff has been denied minimum wage payments and denied overtime as part of Defendant's scheme to classify Plaintiff and other dancers/entertainers as "independent contractors." As the Department of Labor explained in a

recent Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an uneven playing field for employers who properly classify their workers. Although independent contracting relationships can be advantageous for workers and businesses, some employees maybe intentionally misclassified as a means to cut costs and avoid compliance with labor laws.[1]

As alleged in more detail below, that is exactly what the Defendant is doing in this case.

3. Plaintiff worked at Defendant's principal place of business located at 8542 Tx-31, Tyler, Texas 75705.

4. Defendant failed to pay Plaintiff minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

5. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a).

6. Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

7. Plaintiff brings a collective action to recover the unpaid overtime compensation and minimum wage owed to her individually and on behalf of all other similarly situated employees, current and former, of Defendant. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

8. As a result of Defendant's violations, Plaintiff and the FLSA Class Members seek

---

[1] *See* DOL Admin. Interp. No. 2015-1, available at http://www.dol.gov/whd/workers/Misclassification/AI- 2015_1.pdf

to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

## II. PARTIES

9. Plaintiff is an individual adult resident of the State of Texas. Furthermore, Plaintiff was employed by Defendant and qualifies as an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10. The FLSA Class Members are all current and former exotic dancers who worked at VISIONS GENTLEMEN'S CLUB at any time starting three (3) years before this Complaint was filed, up to the present.

11. Defendant VISIONS GENTLEMEN'S CLUB (the Club) is a Texas Corporation with its principal place of business at 8542 Tx-31, Tyler, Texas 75705. At all times mentioned herein, was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). VISIONS GENTLEMEN'S CLUB may be served at its principal place of business, 8542 Tx-31, Tyler, Texas 75705.

9. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their Club engaged in commerce, which has travelled in interstate commerce. Moreover, because of Defendant' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

10. Furthermore, Defendant has, and continue to have, an annual gross business volume in excess of the statutory standard.

11. At all material times during the three (3) years prior to the filing of this action, Defendant categorized all dancers/entertainers employed by Defendant as "independent

contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12. Plaintiff is informed and believes that, at all relevant times herein, Defendant engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

### III.   VENUE AND JURSIDICTION

13. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

14. Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendant's Club is located in this District and Plaintiff worked in this District.

### IV.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

#### A.   FACTUAL ALLEGATIONS

15. Defendant operates an adult-oriented entertainment facility located at 8542 TX-31, Tyler, Texas 75705. The picture below depicts the outside of the Club.



16. At all times mentioned herein, Defendant was an "employer(s)" of Plaintiff, as defined

by the FLSA.

17. At all times during the three (3) years prior to the filing of the instant action, Defendant categorized all dancers/entertainers employed by Defendant as "independent contractors" and has failed and refused to pay wages to such entertainers.

18. At all times relevant to this action, Defendant exercised a great deal of operational and management control, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

19. Plaintiff began working as a dancer for Defendant on September 17, 2019 through June 3, 2020.

20. The primary duty of an entertainer is to dance and entertain customers and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

21. Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

22. Plaintiff worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff was an integral part of Defendant' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

23. Defendant did not pay entertainers on an hourly basis.

24. Defendant exercised significant control over Plaintiff during her shifts, and Defendant required Plaintiff to work an entire shift.

25. Defendant set prices for all VIP performances.

26. Defendant charged the dancers a late fee if they did not arrive for a shift on time.

27. Defendant controlled the means and manner in which Plaintiff could perform, including her clothing and interaction with patrons of the Club.

28. Defendant had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

29. Defendant actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

30. Although Defendant allowed entertainers to choose their own costumes, Defendant reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with the Club's dress and appearance standards, Plaintiff typically expended approximately thirty (30) minutes of time each shift getting ready for work without being paid any wages for such time getting ready. Defendant did enforce the dress code on the entertainers, to the extent such may have been required as a sexually oriented business by the City of Tyler and/or State of Texas.

31. Plaintiff was compensated exclusively through tips from Defendant' customers. That is, Defendant did not pay Plaintiff whatsoever for any hours worked at the Club.

32. Defendant also required Plaintiff to share her tips with Defendant's staff, specifically, other non- service employees who do not customarily receive tips, including the managers, disc jockeys, and the house mother. Defendant required Plaintiff and other entertainers to tip out the floor men and DJs at least $20.00 each, as well as other staff who the entertainers interacted with at the Club.

33. Defendant is in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendant also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendant' exotic dancers were never made aware of how the tip credit allowance worked or

what the amounts to be credited were. Furthermore, Defendant violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendant violated the tip-pool law, Defendant loses the right to take a credit toward minimum wage.

34. Defendant exercised significant control over Plaintiff and all of its entertainers through written and unwritten policies and procedures. Defendant fined entertainers for failing to comply with management's rules, including late fees added on for every hour an entertainer showed up, changing before getting permission to change at the end of a shift, and a fee to leave early. The Club controlled how the entertainers dressed, including that each entertainer must wear dance heels at all times they were on the floor or stage. Plaintiff, and similarly situated entertainers, had to sign in each shift, check in with the DJ and participate in stage rotation and needed permission to leave at the end of a shift.

35. Defendant required Plaintiff and other entertainers at the Club to pay in order to work. Defendant required entertainers to pay between $40-$100 in house fees to the Club in order to work each shift.

36. Defendant provided and paid for all advertising and marketing effortsundertaken on behalf of Defendant.

37. Defendant paid for the building used by Defendant, maintenance of the facility,the sound system, stages, lights, beverages and inventory used at the facility.

38. Defendant made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

39. Defendant' opportunity for profit and loss far exceeded Plaintiff's opportunity for profit and loss from work at the Club.

40. Nude dancing is an integral part of Defendant' operations. Defendant' advertising prominently displays nude dancing for its customers. The Club is well known as a "strip club."

41. Defendant needs entertainers to successfully and profitably operate their business model.

42. The position of entertainer requires no managerial skill of others.

43. The position of entertainer requires little other skill or education, formal or otherwise.

44. The only requirements to become an entertainer at are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor. Defendant do not require prior experience as an entertainer or any formal dance training as a job condition or prerequisite to employment. Defendant do not require an audition or any try-out process or provide any on-the-job training. Defendant do not require the submission of a resume or any educational background as a required to be hired. If Plaintiff or any other potential entertainer wants to perform, they just need to comply with the legal requirements of the city of Tyler and State of Texas.

45. Defendant failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

46. Plaintiff was not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendant' facility and required to work and entertain its customers at any time during a seven-plus (7+) hour work shift.

47. Plaintiff was not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at Defendant' facility and required to work and entertain its customers for longer than eight (8) hours per shift.

48. The FLSA Class Members had the same pay structure and were under the same

controls as Plaintiff.

49. Plaintiff and FLSA Class Members would work over forty (40) hours in some weeks each worked for Defendant.

50. Defendant have never paid Plaintiff and the FLSA Class Members any amount as wages whatsoever and have instead unlawfully required Plaintiff and FLSA Class Membersto pay them for the privilege of working.

51. The only source of monies received by Plaintiff (and the class she seeks to represent) relative to her employment with Defendant came in the form of gratuities received directly from customers, a portion of which Plaintiff and the FLSA Class Members wererequired to pay to Defendant.

52. Although Plaintiff and the FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendant and thus, Defendant violated the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

53. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendant misclassified Plaintiff with the sole intent to avoid paying her in accordance with the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

54. Plaintiff and FLSA Class Members who worked at the Club performed precisely the same job duties - dancing and entertaining at the Club.

55. Plaintiff and FLSA Class Members who worked at the Club during the applicable

limitations period(s) were subject to the same work rules established by the Defendant as identified above.

56. Plaintiff and FLSA Class Members at the Club were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendant.

57. Plaintiff and FLSA Class Members at the Club during the applicable limitations period(s) were subject to the same across-the-board, uniformly appliedcorporate policy mandated by Defendant.

58. Plaintiff and the FLSA Class Members at the Club, during the applicable limitations period, were subject to the same fees and fines imposed by Defendant.

59. As a result of Defendant, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failureto pay any wages or compensation whatsoever, it is a certainly that numerous other current and former dancers and entertainers who worked at the Club during the applicable limitations period would elect to participate in this action if provided notice of same.

60. Upon information and belief, more than one hundred (100) dancers and entertainers have worked at the Club during the three (3) to five (5) years prior to the filing of this action.

61. Plaintiff is "similarly situated" to the 29 U.S.C. § 216(b) class of persons she seeks to represent and will adequately represent the interests of the class.

62. Plaintiff has hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

63. Defendant failed to keep records of tips, gratuities and/or service charges paid to Plaintiff or any other entertainer and failed to maintain and furnish wage statements to Plaintiff.

64. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a. The time of day and day of week on which the employees' work week begins;

    b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

65. Defendant have not complied with federal law and have failed to maintain such records with respect to Plaintiff and the FLSA Class Members. Because Defendant's records are

inaccurate and/or inadequate, Plaintiff and the FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put Defendant on notice that she intends to rely on *Anderson* to provide the extent of her unpaid work.

V.    **COLLECTIVE ACTION ALLEGATIONS**

66.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

67.    Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

68.    Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers/entertainers at the Club. As such, she has firsthand personal knowledge of the same pay violations throughout Defendant's Club. Furthermore, other exotic dancers/entertainers at Defendant's Club have shared with her similar pay violation experiences as those described in this Complaint.

69.    Other employees similarly situated to Plaintiff work or have worked at the Club but were not paid overtime at the rate of one and one-half (1 ½) their regular rate when those hours exceeded forty (40) hours per workweek. Furthermore, these sameemployees were denied

pay at the federally mandated minimum wage rate.

70. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant have denied them full compensation for their hours worked over forty (40). Defendant have also denied them full compensation at the federally mandated minimum wage rate.

71. FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

72. FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

73. FLSA Class Members regularly work or have worked and did not receive minimum wage.

74. FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

75. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

76. Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

77. The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

78. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

79. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

80. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

81. Although the exact number of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

82. As such, Plaintiff brings her FLSA claims as a collective action on behalf of the following class:

> **All of Defendant's current and former exotic dancers/entertainers who worked at VISIONS GENTLEMEN'S CLUB & INVERTED ART GALLERY located in Tyler, Texas at any time starting three years before this Complaint was filed.**

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206**

83. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

84. Defendant is an "employer" of Plaintiff and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

85. Defendant are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

86. Defendant operate an enterprise engaged in commerce within the meaning of the

FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

87. Defendant failed to pay Plaintiff minimum wage in violation of 29 U.S.C. § 206.

88. Based upon the conduct alleged herein, Defendant knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage under the FLSA.

89. Throughout the relevant period of this lawsuit, there is no evidence that Defendant's conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendant continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

90. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, minimum wage compensation and an equal amount in the form of liquidateddamages, as well as reasonable attorneys' fees and costs of the action, including interest,pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES PURSUANT TO FLSA, 29 U.S.C. § 207

91. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

92. Defendant is an "employer" of Plaintiff and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

93. Defendant are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

94. Defendant operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its

annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

95. Defendant failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in violation of 29 U.S.C. § 207.

96. Based upon the conduct alleged herein, Defendant knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime wage required under the FLSA.

97. Throughout the relevant period of this lawsuit, there is no evidence that Defendant's conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendant continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were unlawful.

98. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

**UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

99. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

100. Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

101. At all relevant times, Defendant was the "employer(s)" of Plaintiff and the putative collective within the meaning of the FLSA, 29 U.S.C. § 203(d).

102. Defendant are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

103. Defendant operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

104. Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

105. Defendant kept a portion of tips paid to Plaintiff by Defendant's customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and floor men in violation of TIPA.

106. Defendant required Plaintiff to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customer leaving the tips (such as the Club DJ, security, and management). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

107. The contribution Defendant required Plaintiff to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiff or other dancers; rather, it was imposed upon Plaintiff and other dancers.

108. By requiring Plaintiff to pool her tips with Club management, including the individual Defendant named herein, Defendant "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

109. Defendant did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

110. At the time of their illegal conduct, Defendant knew or showed reckless disregard

that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendant willfully failed andrefused to pay Plaintiff the proper amount of the tips to which she was entitled.

111. Defendant's willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

112. Defendant kept a portion of tips paid to Plaintiff by Defendant's customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and door men in violation of TIPA.

113. As a result of the acts and omissions of the Defendant as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## FOURTH CAUSE OF ACTION
### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

114. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

115. Defendant required Plaintiff to pay monetary fees to Defendant and other employees of the Club who did not work in positions that are customarilyand regularly tipped, in violation of 29 U.S.C. § 203(m).

116. Defendant's requirement that Plaintiff pay fees to Defendant and other Club employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

117. Because Defendant violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision withrespect to Plaintiff's wages.

118. Because Defendant violated the "free and clear" requirement of 29 C.F.R. §

531.35, all monetary fees imposed on Plaintiff are classified as illegal kickbacks.

119. Plaintiff is entitled to recover from Defendant all fees that Defendant required Plaintiff to pay in order to work at the Club, involving but not limited to house fees and tip sharing.

## FIFTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

120. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

121. Defendant required Plaintiff to pay monetary fees to other Club employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

122. Defendant's requirement that Plaintiff pay fees to other Club employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

123. Because Defendant violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

124. Plaintiff is entitled to recover from Defendant all fees that Defendant required Plaintiff to pay other employees in order to work at the Club, involving but not limited to forced tip sharing.

## DEMAND FOR JURY TRIAL

125. Plaintiff hereby demands a trial by jury for all such triable claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For compensatory damages according to proof at trial of at least $100,000;
2. For special damages according to proof at trial;
3. For restitution of unpaid monies;

4. For attorneys' fees;

5. For costs of suit incurred herein;

6. For statutory penalties;

7. For civil penalties;

8. For pre-judgment interest;

9. For post-judgement interest;

10. For general damages in an amount to be proven at trial;

11. For such other and further relief as the tribunal may deem just and proper.

Dated: August 6, 2021

Respectfully Submitted,
**ELLZEY & ASSOCIATES, PLLC**

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh Montgomery Texas
Bar No. 24052214
1105 Milford Street
Houston, Texas 77066
Telephone: (713) 554-2377
Fax: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

***Attorneys for Plaintiff***